## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

|  |  |  |
|---|---|---|
| | : | |
| JUDITH L. KANE | : | Case No. 04-26858-TPA |
| Debtor, | : | Chapter 13 |
| | : | |

### *MEMORANDUM ORDER*

The Chapter 13 Program in the United States Bankruptcy Court for the Western District of Pennsylvania requires the cooperation and compliance of all participants including the Chapter 13 Trustee, counsel, the debtors, creditors and the Court.  One aspect of paramount importance to that "cooperation" is the need for counsel for the debtor(s) to attend conciliation conferences that are scheduled to facilitate the resolution of pending issues in a case so as to allow for expeditious plan confirmation.  Absence of counsel at these conferences places an unnecessary burden on the system, the Chapter 13 Trustee, counsel, debtors, creditors and the Court.

On numerous, regular occasions this Court has explained in open court the importance of attendance by counsel at the respective conciliation conferences and other hearings involved in the Chapter 13 process.  When counsel has missed one conference or hearing without appropriate explanation, and also realizing that "missed hearings" are going to occur from time to time simply through unavoidable inadvertence, this Court has allowed counsel a "second chance" to attend and deferred the imposition of any sanction.  However, when the Court is advised that a specific attorney has missed a subsequent conciliation conference or other hearing, it has made its policy known to the Chapter 13 Bar that such continued failure to attend, absent a valid and

reasonable explanation, is not acceptable and will have consequences in the form of a monetary sanction in the amount of $100.00.

In the within case, Joseph P. Nigro, Esq. failed to attend the Conciliation Conference scheduled for July 13, 2006. Atty. Nigro was provided the opportunity to explain his absence at the hearing held on July 13, 2006 on the Debtor's Chapter 13 plan which hearing may have been avoided had he attended the conciliation conference. Atty. Nigro submitted that his failure to attend was an internal scheduling error. Under the circumstances, said explanation is not acceptable.

On January 26, 2006, Atty. Nigro also failed to attend a hearing before this Court in the within matter. When confronted by this Court at a subsequent contested plan hearing on February 8, 2006, as to the reason for his failure to attend, Atty. Nigro was similarly unable to provide, under the circumstances, a reasonable excuse for his non-attendance. At that time the Court advised Atty. Nigro that if he failed to attend any further conciliation conferences or other hearings without just cause, he would be subject to sanctions through the imposition of a $100 fine. At the hearing held on August 8, 2006 Atty. Nigro acknowledged the foregoing.

**AND NOW THEREFORE**, this **10th** day of **August, 2006**, Atty. Joseph P. Nigro having failed to attend, without excuse, a previous hearing before this Court on January 26, 2006, and the Plan Conciliation hearing held on July 13, 2006 in the within matter,  it is hereby **ORDERED, ADJUDGED** and **DECREED** that monetary sanctions in the amount of $100 are imposed against him. Atty. Nigro shall make payment to the Clerk, U.S. Bankruptcy Court on or before **August 20, 2006**. Failure to timely make payment may result in the further imposition of

2

sanctions, including the prohibition from practicing law in this Court until payment is made. This

fee must be paid from the funds of the attorney or his law firm. Counsel shall not charge to or collect

the $100 from the client as a fee, cost, expense, or other charge in this case.

Thomas P. Agresti
United States Bankruptcy Judge

case administrator to serve:

    Joseph P. Nigro, Esq.
    Debtor
    Chapter 13 Trustee

FILED

AUG 1 5 2006

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA